# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 19-cv-01973-REB

MICHAEL DAVID DUBOSE,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed July 9, 2019, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he is disabled as a result of a number of physical and mental impairments, but for purposes of this appeal, the most relevant is degenerative disc disease of the lumbar spine. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. That hearing was held on December 19, 2018. At the time of this hearing, plaintiff was 59 years old.

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

He has a high school education and past relevant work experience as a telemarketer. He has not engaged in substantial gainful activity since August 20, 2016, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established plaintiff suffered from severe physical impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.[2] The ALJ found plaintiff had the residual functional capacity to perform a range of sedentary work with certain postural, manipulative, and environmental limitations. As that conclusion was not inconsistent with plaintiff's past relevant work, the ALJ found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an

---

[2] The ALJ found plaintiff's alleged mental impairments to be non-severe, a determination he does not challenge in this appeal.

individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show

3

the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

In a single point of error, plaintiff alleges the ALJ erred in failing properly to articulate a reasoned basis for refusing to adopt the sitting limitations suggested by consultative examiner Dr. David Wallack. Finding no error in that regard, I affirm.

4

Dr. Wallack saw plaintiff for a disability evaluation in August 2017. Plaintiff's chief complaints were listed as difficulty using his right hand as a result of a 35-year old crush injury, pain in his neck due to degenerative changes and a surgical plate, peripheral neuropathy in his feet, and depression, anxiety, and posttraumatic stress disorder. (Tr. 517-518.) Plaintiff reported he could sit for 25 to 30 minutes before he needed to get up to relieve pain in his neck and lower back. (Tr. 518.) Nevertheless, Dr. Wallack reported plaintiff was able to rise from the waiting room chair without difficulty and get on and off the examination table without difficulty. (Tr. 519.) Plaintiff also was able to flex forward and touch his toes and straight leg raise to 95 degrees bilaterally. In addition, he had full strength of all muscles of his lower body. (Tr. 520.)

Dr. Wallack opined, relevantly, that plaintiff could sit for three hours, cumulatively and with breaks, in an eight-hour workday. (Tr. 521.)

The ALJ found Dr Wallack's opinion generally persuasive insofar as it was "supported by and consistent with the other evidence of record including the relatively unremarkable/mild examination findings/diagnostics" and plaintiff's "relatively conservative/routine medical history." However, he declined to incorporate Dr. Wallacks's three-hour sitting limitation, "finding that such opinion was not necessarily supported by medical records and appeared to be based primarily on the claimant's subjective complaints." (Tr. 25.)[3]

---

[3] Although plaintiff points to the factors that must be considered in weighing opinion evidence set forth in 20 C.F.R. § 404.1527, that section is inapplicable to claims, such as plaintiff's, filed after March 27, 2017. The applicable regulation, 20 C.F.R. § 404.1520c, provides the Commissioner no longer will "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 404.1520c(a). Instead, the ALJ now need only articulate how persuasive he finds the medical opinion. 20 C.F.R. § 404.1520c(b). Persuasiveness is determined primarily of an opinion's supportability and consistency, and the ALJ must explain how he considered those factors. 20 C.F.R. § 1520c(b)(2) & (c)(1)-

To characterize this determination as merely conclusory, as plaintiff suggests, would require the court to ignore the entirety of the ALJ's detailed and thorough discussion of the evidence which preceded it. The ALJ carefully set forth, through enumerated paragraphs, his analysis of the various considerations which led to his formulation of plaintiff's residual functional capacity. These included the medical findings on examination, the largely conservative course of plaintiff's treatment, plaintiff's activities of daily living, the findings of consultative examinations, and medical opinions of record. Given the ALJ's meticulous discussion and cogent analysis of this evidence, I have no trouble in discerning how he determined that Dr. Wallack's sitting restriction was not persuasive. **See Musick v. Astrue**, 2013 WL 441064 at *9 (D. Kan. Feb. 5, 2013) ("[A]lthough a reviewing court may not supply a reasoned basis for the agency's action that the agency itself has not given, it may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (quoting **Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.**, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983)) (internal quotation marks omitted).

Of the numerous physical and psychological ailments reported in plaintiff's copious medical records, there are passing few complaints of lower back pain. The ALJ noted those few that existed, including imaging studies done in August 2017 which showed only mild degenerative changes at L2-L3, with no acute osseous abnormality of

---

(2). The ALJ may, but is not required to, discuss other considerations that may bear on the persuasiveness of a medical opinion, such as the relationship of the source to the claimant, the source's area of specialization, and other factors such as the source's familiarity with the disability program's policies and evidentiary requirements. **See** 20 C.F.R. § 404.1520c(c)(3)-(5)

6

the lumbosacral spine. (Tr. 23, 515.) Those findings remained unchanged several months later. (Tr. 23, 2587.) The ALJ also referenced Dr. Wallack's findings on examination that plaintiff moved from a seated to standing position without difficulty, had normal alignment of the spine, was able to touch his toes, could straight leg raise to 95 degrees bilaterally, and had full strength in all muscles of his lower body. (Tr. 24, 519-520.) Further, the ALJ relied on plaintiff's report to another consultative examiner that he was able to perform normal household tasks, such as laundry, cooking, and cleaning, and that he spends much of his day watching television.[4] (Tr. 25, 507.) Indeed, in his own description of his functionality, plaintiff did not list sitting as an activity affected by his impairments. (*See* Tr. 184.)

This evidence is more than adequate to support the ALJ's conclusion that Dr. Wallack's sitting limitations were not supported by the medical evidence and were likely based largely on plaintiff's own report to the examiner that he could only sit for 25 to 30 minutes at a time. Because substantial evidence supports the ALJ's disability determination, remand is not indicated.

## IV. ORDERS

I thus find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

---

[4] It is not improper to infer that most television watching is done while seated.

Dated March 30, 2020, at Denver, Colorado.

BY THE COURT:

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge